Honorable Ronald B. Leighton

*Court Use only above this line.*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM S. BENDIXEN, and WESS CORNELIUS, for themselves and all others similarly situated, <br><br>          Plaintiffs, <br><br>   vs. <br><br> SPRINT COMMUNICATIONS COMPANY L.P., and LEVEL 3 COMMUNICATIONS, LLC, <br><br>          Defendants. | Case No. 3:11-cv-05274-RBL <br><br> **Order and Judgment Approving Class-Action Settlement and Directing Notice of Final Approval** |

WHEREAS, the parties to the above-captioned class action (the "Action") entered into a Washington Class Settlement Agreement, as of September 19, 2012 and agreed to an Amendment to Washington Class Settlement Agreement on May 15, 2013 (collectively the "Settlement Agreement") (terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement);

WHEREAS, Defendants and the Plaintiffs in the Action moved under Federal Rule of Civil Procedure 23(b) for an order certifying the class for settlement purposes, and under Rule 23(e) for an order preliminarily approving the proposed settlement of the Class Members'

claims in accordance with the Settlement Agreement and approving the form and plan of notice as set forth in the Settlement Agreement;

WHEREAS, in its Order entered on October 12, 2012 (the "Preliminary Approval Order"), the Court provisionally ordered that this Action may be settled as a class action on behalf of the following class:

[A] class under the Settlement Agreement (the "Settlement Class"), defined as follows:

a class comprising all Persons who own or who claim to own, for any period of time during a Compensation Period, any Covered Property, provided, that "Settlement Class" or "Class" does not include: (1) Right-of-Way Providers and their predecessors, successors, parents, subsidiaries, and affiliates, past or present; (2) federal, state, and local governmental entities; (3) Native American nations and tribes; or (4) any Person who files a valid and timely exclusion on or before the Opt-Out Deadline.

WHEREAS, the Preliminary Approval Order also approved the forms of notice of the Settlement to Class Members and directed that appropriate notice of the Settlement be given to Class Members;

WHEREAS, in accordance with the Settlement Agreement and the Preliminary Approval Order: (1) the Settlement Administrator caused to be mailed to Class Members the Notice of Class Action, Proposed Settlement, and Settlement Hearing ("Notice") on March 1, 2013 and caused to be published the Summary Notice of Class Action, Proposed Settlement, and Settlement Hearing ("Summary Notice"); (2) a Declaration of Mailing and Publication of the Notice and Publication of the Summary Notice was filed with the Court prior to this hearing; and (3) the Declaration of Mailing and Publication filed with this Court demonstrates compliance with the Preliminary Approval Order with respect to the Notice and the Summary Notice and, further, that the best notice practicable under the circumstances was, in fact, given;

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

WHEREAS, on June 14, 2013, this Court held a hearing on whether the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Class (the "Fairness Hearing"); and

WHEREAS, based upon the foregoing, having heard the statements of counsel for the Parties and of such persons as chose to appear at the Fairness Hearing; having considered all of the files, records, and proceedings in the Action, the benefits to the Class under the Settlement Agreement, and the risks, complexity, expense, and probable duration of further litigation; and being fully advised in the premises,

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. The Court has subject-matter jurisdiction over the subject matter of the Action, and personal jurisdiction over the Plaintiffs, Class Members, and the Defendants.

2. The Class Representatives and their counsel fairly and adequately represent the interests of the Class Members in connection with the Settlement Agreement.

3. The Settlement Agreement is the product of good-faith, arm's-length negotiations by the Class Representatives and their counsel, and Settling Defendants and their counsel, and the representatives of the Settlement Class and Settling Defendants were represented by capable and experienced counsel.

4. The form, content, and method of dissemination of the notice given to Class Members, including both published notice and individual notice to all Class Members who could be identified through reasonable effort, were adequate and reasonable and constituted the best notice practicable under the circumstances.

5.    The Settlement Agreement is fair, reasonable, adequate, and in the best interests of Class Members, and is approved in all respects, and the parties are directed to perform and satisfy the terms and conditions of the Settlement Agreement.

6.    Class Members shall be permitted to make claims for the benefits described in the Settlement Agreement, subject to the conditions and limitations stated herein.

7.    The certification of the Settlement Class, under Rules 23(b)(3) and 23(e), solely for settlement purposes, is hereby confirmed.

8.    The notice, as given, complied with the requirements of Rule 23, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth therein.

9.    After this Order and Judgment has become Final, an order awarding attorneys' fees to Settlement Class Counsel with respect to the Settlement Agreement becomes Final, and all periods during which any Party to the Settlement Agreement may exercise a right of withdrawal have expired (hereafter "the Effective Date"), the Settling Defendants and all other Released Parties, including, without limitation, the Right-of-Way Providers listed in Exhibit L to the Settlement Agreement, a copy of which is attached hereto and incorporated by reference herein, shall be released from any and all Settlement Claims that any Class Member (and all successors in interest) had, has, or may have in the future, against the Settling Defendants or any other Released Party.  This Release may be enforced by any Released Party.

10.   All Settlement Claims of any Class Member (and the successors in interest of all members of the Settlement Class) are hereby dismissed.  Upon the Effective Date, such dismissal shall be with prejudice.

11.     Upon the Effective Date, the Class Members (and the successors in interest of all members of the Settlement Class) shall be barred and permanently enjoined from instituting, asserting, or prosecuting against a Settling Defendant or any other Released Party, including, without limitation, the Right-of-Way Providers listed in Exhibit L to the Settlement Agreement, any and all Settlement Claims they have, had, or may have in the future, against a Settling Defendant or any other Released Party, except any claims for enforcement of a Settlement Agreement.

12.     The various forms of the Claim for Landowner Benefits and Releases of Claims (the "Claim Form"), and the Telecommunications Cable System Easement Deed, set forth as Exhibits G, J and J(1), and H respectively, to the Settlement Agreement, are approved.  In order to receive Benefits under the Settlement Agreement, all Class Members must comply with the requirements for making and documenting a Claim that are set forth in that Settlement Agreement.

13.     All Class Members who are Current Landowners, regardless of whether they file a Claim, are hereby ordered to execute and deliver, after the Effective Date, a Telecommunications Cable System Easement Deed to the Claims Administrator in favor of each Settling Defendant whose Telecommunications Cable System was installed on Covered Property owned by the Class Member.

14.     In order to receive Benefits, each Current Landowner who submits a Qualified Claim must execute a Telecommunications Cable System Easement Deed.

15.     Upon the Effective Date, the Claims Administrator shall be authorized under Federal Rule of Civil Procedure 70 to execute and deliver to each Settling Defendant a Claims

Administrator Telecommunications Cable System Easement Deed, substantially in the form of Exhibit I to the Settlement Agreement, on behalf of all Class Members who are Current Landowners and who do not personally execute and deliver a Telecommunications Cable System Easement Deed.  Any Class Member who is a Current Landowner and who does not file a Claim may rely upon the Claims Administrator to execute and deliver to each Settling Defendant the Claims Administrator Telecommunications Cable System Easement Deed.

16.     The Claims Administrator is hereby appointed as attorney in fact for each Class Member who is a Current Landowner, with power and authority, upon the Effective Date, to execute and deliver a Claims Administrator Telecommunications Cable System Easement Deed, substantially in the form of Exhibit I to the Settlement Agreement, to the applicable Settling Defendants and to authorize such Settling Defendants to record such Claims Administrator Telecommunications Cable System Easement Deed as provided in Section IV.C.2 of the Settlement Agreement.

17.     Upon the Effective Date, the Settling Defendants or Settlement Class Counsel may, at their respective option and cost file, record and/or index the Easement Deed by Court Order in Settlement of Landowner Action, entered contemporaneously with this Order and Judgment, or notice thereof, and any executed Telecommunications Cable System Easement Deed, on behalf of any Class Member, in the judgment or land records of the county in which the real estate is located as provided in IV.C.2 of the Settlement Agreement.  The Court retains jurisdiction, as provided pursuant to Section VIII.A.1.(n) of the Settlement Agreement, to enter supplemental orders and judgments to effectuate the recordation of any and all rights conveyed to the Settling Defendants under the Settlement Agreement.

18.     The expenses of administering the Settlement Agreement shall be paid from the Administrative Account in the manner set forth in the Settlement Agreement.

19.     Upon the Effective Date, the Released Parties shall be released by all Class Members from any and all claims, damages, costs, expenses, and other liabilities of every kind and nature whatsoever as a result of or in any way in connection with the filing, recordation, or indexing of the Easement Deed by Court Order Deed in Settlement of Landowner Action, or notice thereof, or any Telecommunications Cable System Easement Deed, except claims to enforce the Settlement Agreement and/or this Order.

20.     It is hereby declared, adjudged, and decreed that, upon the Effective Date, the Settlement Agreement provides the exclusive remedy for any and all Settlement Claims of Settlement Class Members (and any successors in interest) against the Settling Defendants and any and all other Released Parties.

21.     Upon the Effective Date, all claims against the Class Representatives, or their counsel or any of them, arising out of, relating to, or in connection with the Action shall be released by the Settling Defendants and their counsel, and they shall be permanently enjoined and barred from instituting, asserting, or prosecuting any and all claims that the Settling Defendants or their counsel or any of them had, have, or may in the future have against the Class Representatives or their counsel, except claims to enforce the Settlement Agreement and/or this Order.

22.     Upon the Effective Date, all Class Members (and all successors in interest), whether or not they file a Claim for Landowner Benefits, shall be permanently enjoined and

barred from instituting, asserting or prosecuting, either directly or as a class representative, any

Settlement Claims.

23.     The form of the Notice of Final Approval of Settlement, set forth as Exhibit F to

the Settlement Agreement, is approved.  Upon this Order and Judgment becoming Final, the

Settlement Administrator shall within thirty (30) days thereafter cause the Notice of Final

Approval Package to be sent by United States mail, first class postage prepaid, to all Class

Members who have been identified, who requested copies, or who otherwise came to the

Claims Administrator's attention.

24.     Any claims by the Settling Defendants against any Right of Way Providers,

insurers or other third parties for contribution, indemnification, or insurance benefits, are not

barred, released, or otherwise affected by the Settlement Agreement or this Order and

Judgment.

25.     Incentive awards to the Class Representatives in the following amount are

reasonable and are approved:  William S. Bendixen: $1,300; and Wess Cornelius: $1,300.

26.     Defendants shall deposit any attorneys' fee award approved by the Court, which

shall not exceed the Maximum Attorneys' Fee Award, into the interest-bearing escrow account

established with U.S. Bank in New York, New York, no later than ten (10) days after the date

on which the Order and Judgment becomes Final.

27.     The Court hereby reserves its exclusive, general, and continuing jurisdiction

over the parties to the Settlement Agreement, including Defendants and all Class Members, as

needed or appropriate in order to administer, supervise, implement, interpret, or enforce the

Settlement Agreement in accordance with its terms, including the investment, conservation, protection of settlement funds prior to distribution, and distribution of settlement funds.

28.     In the event that any Settling Defendant withdraws from the Settlement Agreement, the portions of this Order and Judgment that are issued to implement that Agreement shall have no further force and effect as to that Settling Defendant, any Class Member who has a claim against that Settling Defendant, and any Person who would have been released or otherwise affected by that Settling Defendant's Designation of Right of Way. Withdrawal from a Settlement Agreement shall not affect the provisions of this Order and Judgment that relate to Settling Defendants who do not withdraw.

29.     If this Order and Judgment is not a final judgment as to all claims presented in the Action, the Court hereby determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason to delay the appeal of all claims as to which final judgment is entered.

SO ORDERED this 14th day of June, 2013.


RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

1   Presented by:

2   */s/ Dan Millea*
    Dan Millea, *pro hac vice*
3   **ZELLE HOFMANN VOELBEL & MASON LLP**
    500 Washington Avenue South, Suite 4000
4   Minneapolis, MN  55415
    Telephone: (612) 339-2020
5   Facsimile: (612) 336-9100
    E-Mail: dmillea@zelle.com
6
7   *Attorney for Plaintiffs*

8   */s/ Emily J. Harris*
    Emily J. Harris, WSBA No. 35763
9   Meredith L. Rugani, WSBA N0. 42283
    **CORR CRONIN MICHELSON**
10     **BAUMGARDNER & PREECE LLP**
    1101 Fourth Avenue, Suite 3900
11  Seattle, Washington  98154
    Telephone: (206) 625-8600
12  Facsimile: (206) 625-0900
    E-Mail: eharris@corrcronin.com
13           mrugani@corrcronin.com

14  *Attorneys for Defendants*

15

16

17

18

19

20

21

22

23

24

25

26

10- **Order and Judgment Approving Class-Action
Settlement and Directing Notice of Final Approval**
(3:11-cv-5274-RBL)

## EXHIBIT L

## Released Right-of-Way Providers

Union Pacific Corporation, Union Pacific Railroad Company, Southern Pacific Rail Corporation (together "Union Pacific"); BNSF Railway Company, Burlington Northern and Santa Fe Railway Company, The Atchison, Topeka and Santa Fe Railway Company, Burlington Northern Railroad Company (together "BNSF"); Chicago, Milwaukee, St. Paul & Pacific Railroad; and any of the predecessors-in-interest, predecessors-in-title, successors-in-interest, successors-in-title, members, partners, affiliates, lessees, subsidiaries, parents, assigns, related entities, agencies or officials of and any railroads or terminal railroads wholly owned or partially owned by each of the Right-of-Way Providers named above.